UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWARD SILIPENA, et al., | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 16-711 |
| v. | : | MEMORANDUM OPINION & ORDER |
| AMERICAN PULVERIZER CO., et al., | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiffs' motion for leave to file a Second Amended Complaint. Essentially, Plaintiffs allege that they purchased a machine from Defendants for the intended use of shredding and sorting automobile parts. Shortly after installation of the custom machine, it malfunctioned and a fire ensued, disabling the machine and resulting in loss of profitability, revenue, and other assets.

Plaintiffs filed the original Complaint against Defendants American Pulverizer Company ("Pulverizer"), Cooper & Associates LLC ("Cooper"), Eriez Manufacturing Company ("Eriez"), Hustler Conveyor Company ("Hustler"), and Pinnacle Engineering, Inc. ("Pinnacle") on February 9, 2016. On March 27, 2017, after hearing oral argument, the Court granted Defendants' motion to dismiss Plaintiffs' claim of fraudulent concealment, which asserted that Defendants "intentionally, willfully, and maliciously" concealed material defects from Plaintiffs. Further, the Court denied

Plaintiffs discovery to ferret out the facts of this claim. The Court also dismissed any claim for punitive damages with prejudice and granted leave to file an Amended Complaint, which Plaintiffs did on April 13, 2017. Plaintiffs were represented by predecessor counsel from the initiation of this action through the filing of Plaintiffs' Amended Complaint, and until July 19, 2017. On December 7, 2017, Plaintiffs' new counsel sought leave to file a Second Amended Complaint "to both clarify the scope of their existing pleading, and to add claims against Defendants based upon information learned during discovery." (Pl. Br., p. 1.)

> Count One (Products Liability) of the First Amended Complaint has been reorganized into Counts I, II, and III of the proposed Second Amended Complaint to clarify Plaintiffs' intention to pursue strict product liability claims against the named Defendants for each of three similar causes of action, including manufacturing defect, design defect, and failure to warn. Count Two (Negligence) of the First Amended Complaint has been divided into two negligence counts in the Second Amended Complaint (Counts IV and V) to differentiate more clearly between the nature of the negligence claims alleged against each of the Defendants. Similarly, Count Three (Breach of Contract) in the First Amended Complaint has been reorganized into Counts VIII, IX, and X in the Second Amended Complaint to clarify that Plaintiffs intend to pursue claims for breach of express contracts, implied-in fact contracts, and implied-in-law contracts [as alternative claims], respectively. In each of these reorganized Counts, Plaintiffs have also amended their pleadings to reflect their current understanding of the relevant facts as developed during the course of discovery.

(Id. p. 4-5.)

Federal Rule of Civil Procedure 15 provides that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Thus, leave should generally be granted absent undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision as to whether leave to amend a complaint should be granted "is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

In determining whether a proposed amendment would be futile, the Court applies the same standard of legal sufficiency that applies to a motion to dismiss filed under Rule 12(b)(6). *Travelers Indemnity Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). When deciding a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); Fed. R. Civ. P. 12(b)(6).

In discussing prejudice in the context of Rule 15, the Third Circuit stated that "the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence . . . .'" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). "Prejudice under Rule 15 means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the party." *W S Int'l, LLC v. M. Simon Zook, Co.*, 566 F. App'x 192, 200 (3d Cir. 2014) (citing *Lundy v. Adamar of New Jersey, Inc.,* 34 F.3d 1173, 1189 n.8 (3d Cir. 1994)).

First, Plaintiffs have attempted to amend their products liability claims to pursue strict product liability claims against Defendants under "the Missouri product liability statutes, Mo. Ann. Stat. § 537.760, or the strict product liability laws of any other applicable jurisdiction." This would prejudice the Defendants because it requires re-opening written discovery to defend the suit as a result of a change in theory presented by Missouri, or other, law, as well as under the umbrella of language that Defendants "knew or should have known" about product defects.

In addition, Plaintiffs seek to add four new Counts in their Second Amended Complaint in general terms: Count VI (Gross Negligence), Count VII (Recklessness/Willful Misconduct), Count XIV (Violations of Consumer

Protection Statutes), and Count XV (Negligent Misrepresentation). However, the Court has ruled that Plaintiffs' claim of fraudulent concealment, which asserted that Defendants "intentionally, willfully, and maliciously" concealed material defects from Plaintiffs was dismissed without an opportunity for "discovery to ferret out the facts of this claim." The Court also dismissed any claim for punitive damages with prejudice, precluding any new claims that are punitive in nature. The new claims outlined here will not be allowed, as allowing them as amendments would be futile.

Finally, and most troubling, Plaintiffs attempt to incorporate a second fire into their basis for liability against Defendants. The December 2012 fire at Plaintiffs' facility has always been known to Plaintiffs; it cannot be characterized as new information obtained through the course of discovery.

The vast majority of Plaintiffs' proposed edits are comprised of unnecessary alterations to the language of the pleading asserting details known to Plaintiffs at the time they filed the original Complaint. Exercising its discretion, the Court will not allow leave to file a Second Amended Complaint. The Defendants will be prejudiced by the delay in seeking to include the new information in the present case, especially in light of the failure to do so in the previous amendment. Further, it would be futile to

allow Plaintiffs to attempt to resuscitate the allegations of fraudulent or willful conduct already ruled on by this Court.

For these reasons,

IT IS ORDERED this 7th day of March, 2019 that Plaintiffs' motion for leave to file a Second Amended Complaint [80] is hereby <u>DENIED</u>.

<u>/s/ Joseph H. Rodriguez</u>  
JOSEPH H. RODRIGEZ  
U.S.D.J.