UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWARD SILIPENA, et al.,           :        Hon. Joseph H. Rodriguez

                Plaintiffs,        :        Civil Action No. 16-711

        v.                         :        MEMORANDUM OPINION
                                              & ORDER
                                   :

AMERICAN PULVERIZER CO., et al.,   :

                Defendants.        :

                                   :

This matter is before the Court on motion of Plaintiffs for

Reconsideration, pursuant to Local Civil Rule 7(i), of the Court's March 19,

2019 Order denying Plaintiffs' motion for leave to file a Second Amended

Complaint.  Upon considering the arguments set forth by the motion, the

Court will deny reconsideration.

"The purpose of a motion for reconsideration is to correct manifest

errors of law or fact or to present newly discovered evidence."  Harsco Corp.

v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  It must be stressed,

however, that reconsideration is "an extraordinary remedy" and is granted

"sparingly."  NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp.

513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must

show "more than a disagreement" with the decision it would like

reconsidered.  Anders v. FPA Corp., 164 F.R.D. 383, 387 (D.N.J. 1995).

Instead, there must be some "dispositive factual matters or controlling

decisions of law" that were presented to the Court, but not considered.

Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507

(D.N.J. 2002); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339,

345 (D.N.J. 1999).  Thus, a "mere recapitulation of the cases and arguments

considered by the court before rendering the original decision" does not

warrant a grant of reconsideration. Carteret Sav. Bank, F.A. v. Shushan, 721

F. Supp. 705, 706 (D.N.J. 1989), modified, 919 F.2d 225 (3d Cir. 1990);

accord In re Gabapentin Patent Litigation, 432 F. Supp. 2d 461, 463 (D.N.J.

2006); S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J.

2003).

    A motion for reconsideration will likewise fail if the moving party

merely raises arguments or presents evidence that could have been raised

or presented before the original decision was reached.  NL Indus., 935 F.

Supp. at 516.  Thus, the moving party must actually present "something

new or something overlooked by the court in rendering the earlier

decision." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995)

(citing Harsco Corp., 779 F.2d at 909).  The word "overlooked" is the

operative term and has been consistently interpreted as referring only to

facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered.  Summerfield v. Equifax, 264 F.R.D. 133, 145 (D.N.J. 2009) (citing United States v. DeLaurentis, 83 F. Supp. 2d 455, 474 n.2 (D.N.J. 2000)).

Plaintiffs have not presented the Court with an intervening change in the controlling law or a clear error of law that will result in manifest injustice. Plaintiffs argue that "new evidence" exists which relates to Defendants' "admissions" that the damages that flow from the second fire have been part of this litigation since this matter's inception.  In support, Plaintiffs point to Defendants' request for an index related to Plaintiffs production of more than 30,000 pages and Defendants' proposed index categories of those documents as evidence that Defendants acquiesced to the inclusion of the second fire as part of the litigation and, therefore, the amendment is warranted.

Defendants argue that Plaintiffs' "new evidence" is not new.  First, Defendants claim that the timing of the index came Plaintiffs filed their Motion for Leave to file a Second Amended Complaint.  Second, even if the timing is not persuasive, the fact that Defendants sought information regarding the second fire is neither an admission nor sufficient to grant

reconsideration.  Finally, Defendants argue that Plaintiffs' characterization of this evidence as new is belied by the arguments advanced in support of their motion to amend. Specifically, Plaintiffs are improperly recapitulating arguments made in their underlying briefs. (See Stansfield Certification attached to the omnibus reply brief, Docket No. 93, at ¶5-7).

The March 19, 2019 Order found Plaintiffs' attempt to incorporate the second fire into their basis for liability against Defendants was problematic and troubling because the fires at Plaintiffs' facility have always been known to Plaintiffs.  The Court found that the Defendants' information gathering on the second fire is not a triggering event for Plaintiffs' realization of the existence of second fire and insufficient to grant leave to amend. The Court rejected the amendment on that basis as well as the prejudice it presents to the Defendants.

The Court finds that Plaintiffs' have failed to present "something new."  Khair, 893 F. Supp. at 337. Accordingly,

IT IS ORDERED this 31st day of March, 2021 that Plaintiffs' motion for reconsideration [151] of this Court's March 19, 2019 Memorandum Opinion and Order is hereby DENIED.

         s/ Joseph H. Rodriguez
        JOSEPH H. RODRIGUEZ
        United States District Judge