UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWARD SILIPENA, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> AMERICAN PULVERIZER CO., *et al.*, <br><br> *Defendants.* | Hon. Edward S. Kiel, U.S.D.J. <br><br> Civil Action No. 16-711 <br><br> **REPORT AND RECOMMENDATION** |

**Noel L. Hillman**, Special Master

This matter arises from two large-scale fires in Millville, New Jersey that Plaintiffs allege caused tens of millions of dollars in damages and resulted in the total loss of their business.  The first fire occurred on April 22, 2012 (the "First Fire") and the second fire occurred on December 8, 2012 (the "Second Fire").  In terms of claims and the scope of damages, only the First Fire is at issue in this case.[1]  Trial is set for March 30, 2026.

---

[1] Plaintiffs' motion to file a Second Amended Complaint to add the Second Fire to their claim was denied on March 17, 2019. [ECF No. 143.]  The operative complaint in this matter is the Amended Complaint filed on April 13, 2017. [ECF No. 51.]

This Report and Recommendation addresses Defendant Eriez Manufacturing Company's ("Eriez") omnibus motion *in limine* [ECF No. 559] and Plaintiffs' opposition to the motion [ECF No. 570], and Plaintiffs' omnibus motion *in limine* [ECF No. 558] and Eriez's opposition to the motion [ECF No. 569]. The Special Master has considered those written submissions of the parties.[2]

For the following reasons, the Special Master respectfully recommends to the District Court that Eriez's omnibus motion *in limine* be granted in part, and denied in part, and Plaintiffs' omnibus motion *in limine* also be granted in part, and denied in part.

## I.   BACKGROUND

As the undersigned writes primarily for the remaining parties and the Court, it is unnecessary to recount here the lengthy procedural and substantive history of this case. The Special Master incorporates by reference the relevant background information of this case set forth in the Report and Recommendation at ECF No. 519 and prior opinions of the Court.

---

[2] The Special Master has also considered Plaintiffs' supplemental letter [ECF No. 584] in support of their opposition to Eriez's motion in limine, and Eriez's response [ECF No. 585].

2

## II.    STANDARD

District courts have "wide discretion in determining the admissibility of evidence under the Federal Rules." *United States v. Abel*, 469 U.S. 45, 54 (1984).  "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).  "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). "Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds. . . . The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, and the court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

3

Further, "[a] trial court considering a motion in limine may reserve judgment until trial in order to place the motion in the appropriate factual context," *Tartaglione*, 228 F. Supp. 3d at 406, and "a trial court's ruling on a motion in limine is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer,'" *id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## III.  DISCUSSION

Eriez and Plaintiffs' omnibus motions *in limine* will each be addressed below.  The undersigned will categorize similar motions by substance and analysis.

### A. ERIEZ'S MOTION *IN LIMINE* NO. 1

Eriez seeks to include all settling defendants "on the verdict sheet for apportionment of any final judgment[.]"  [ECF No. 559 p. 9.]  The Special Master finds this motion premature.  First, for a joint-tortfeasor to prove the liability of another absent tort-feasor, the tortfeasor must first present evidence ***at trial*** of the absent tort-feasor's negligence. *Jones v. Morey's Pier, Inc.*, 165 A.3d 769, 783 (N.J. 2017) (stating that the defendants must present *prima facie* evidence of the non-defendant's

4

negligence at trial, prior to the trial court instructing the jury to determine the liability of the non-defendant). Eriez appears to recognize that it has this burden of proof at trial. [*See* ECF No. 559 p. 9 (. . . with reliance placed upon the evidence and testimony that will be presented at trial . . .)] Second, as Plaintiffs point out, Eriez must also demonstrate that the basis for its alleged liability is the same claim, theory, or injury underlying any theory of comparative or joint liability. Given the complexity of the claims and defenses asserted, it is not possible to draw those fine lines until the evidence is actually presented and argued to the jury. It is therefore recommended that this motion be denied, without prejudice, to be renewed, if justified, at the close of evidence as part of the Court's approval of final jury instructions, a verdict sheet, and appropriate special jury interrogatories that conform with the case actually tried.

## B. ERIEZ'S MOTIONS *IN LIMINE* NOS. 2, 4, 6, 9

Motions *in limine* 2, 4, and 6 address portions of Plaintiffs' expert Christopher Brophy's opinions on damages. The second motion seeks to preclude testimony on "Sch. 4 damages," the fourth "Sch. 5 and 6 damages," and the sixth "Sch. 2 damages." Eriez asserts several

arguments challenging portions of Brophy's expert opinion/potential testimony at trial, such as the manner in which Brophy calculated damages and his reliability as an expert. The undersigned agrees with Plaintiffs that these challenges are, essentially, renewed *Daubert* motions that seek to preclude expert testimony based on reliability, relevancy, and fit, as required under *Daubert*. Indeed, Judge Rodriguez resolved and denied similar arguments when addressing Defendants' motion to preclude Brophy as an expert. [ECF No. 390 pp. 34-43.] Other than finding that Brophy's testimony as to the estimate for the repair of design issues was inadmissible, Judge Rodriguez denied the rest of the arguments Defendants asserted as to Brophy and allowed Brophy to testify about damages. [*Id.*] The undersigned sees no reason to address issues that have already been resolved. *See Taylor v. Shields*, No. 17-2439, 2018 U.S. App. LEXIS 21147, at *7-9, n.1 (3d Cir. July 31, 2018) (affirming the denial of a "*Daubert* motion disguised as a general motion *in limine*, but past the pre-trial deadline for *Daubert* motions."). And as Judge Rodriguez noted in his *Daubert* Opinion, Eriez can "challenge the underlying factual basis for Brophy's opinions on cross-examination." [*See* ECF No. 390 p. 38]; *Daubert v. Merrell Dow Pharms.,*

6

*Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

Moreover, as to the other portion of motion *in limine* 6, which seeks to preclude Plaintiffs from recovering economic losses, like the other motions in this section, the Court has already resolved this issue against Eriez. [*See* ECF No. 519 pp. 12-14 (Report and Recommendation to deny defense of the Economic Loss Doctrine for Plaintiffs' NJPLA claims against Eriez); ECF No. 539 (adopting ECF No. 519 R&R); *see also* ECF No. 449 pp. 58-62 (allowing Plaintiffs to pursue economic damages other than harm to the product itself under the NJPLA but not under a theory of implied warranty).] The Special Master views this issue resolved and this Court's prior decisions as the law of the case. *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ Expense Bd.*, 948 F. Supp 400, 408 (D.N.J. 1996) ("The law of the case doctrine was developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.").

As for motion *in limine* 9, Eriez seeks to preclude Plaintiffs from seeking "below market" rent damages.  Like the other motions in this section, the Court has already ruled on this issue albeit in another context.  This issue was raised by Hustler in support of a motion for summary judgment.  [ECF No. 227.]  Although the Court's decision on this motion did not expressly address this component of damages, the Court denied the motion.  [ECF No. 449 p. 38.]  Moreover, the undersigned agrees with Plaintiffs that this form of economic and consequential damages may be sought under their products liability claim as it flows from physical harm to property other than the product itself.  Accordingly, the undersigned recommends that these motions be denied.

### C. ERIEZ'S MOTIONS *IN LIMINE* NOS. 3, 5, 8

With respect to the motions *in limine* in this section, Plaintiffs do not dispute the substance of these motions.  [*See* ECF No. 570 pp. 12 ("Plaintiffs have already made clear that they understand the Court's ruling that they may not claim damages that stem solely from the December 8, 2012 fire at trial."); 16 ("Plaintiffs agree not to present any evidence of prejudgment interest at trial and will stipulate to defer all

8

determinations of prejudgment interest to post-trial submissions."); and 21 ("Plaintiffs do no dispute that [Eriez] may inquire as to Plaintiffs' knowledge and conduct.")] Accordingly, the undersigned recommends that motions *in limine* 3, 5, and 8 be granted as unopposed.

### D. ERIEZ'S MOTION *IN LIMINE* NO. 7

Eriez claims that Plaintiffs have identified Ed and Jospeh Silipena (the "Silipenas") as lay witnesses to testify about Plaintiffs' damages at trial. [ECF No. 559 p. 23.] Eriez argues that the Silipenas should be precluded from testifying because they do not have first-hand knowledge of damages in connection with the First Fire, and that their damages calculations are based upon "projections," which is inadmissible. [*Id.* p. 25.] The Silipenas own Plaintiffs American Auto Salvage and Recycling, Inc., American Iron & Metal International, LLC, Silipena Realty, and LJE Associates, LLC. The Third Circuit Court of Appeals has permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to

damages, as it was based on his knowledge and participation in the day-to-day affairs of the business).  "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business."  Committee Notes on Federal Rule of Evidence ("FRE") 701, 2000 Amendment.  Accordingly, the Silipenas can provide lay testimony about damages incurred to their businesses.  To the extent Eriez's motion is grounded on the premise that the Silipenas' lay opinions on damages lack a sufficient factual foundation, such an objection goes to weight not admissibility.  Such challenges may be raised on cross-examination.  The undersigned recommends that Eriez's motion *in limine* No. 7 be denied.

### E. ERIEZ'S MOTION *IN LIMINE* NOS. 10 and 11

Eriez's motion *in limine* 10 seeks to preclude the following exhibits by Plaintiffs: (1) PTX-096 [ECF No. 471-1 p. 14]; (2) PTX-098 [*id.* p. 15]; and (3) PTX-104 [*id.* p. 17].  [ECF No. 559 p. 32.]  Eriez argues that the "[t]rial exhibits at issue should be precluded at the time of trial because they post-date the 1st fire, and PTX-098, specifically post-dates the 2nd

fire." [*Id.* p. 34.]  Eriez's motion *in limine* 11 seeks to bar "Eriez 20, 21 and 23 and Kirk 9-10" on similar grounds.  [*Id.* p. 35.]

The Court, as stated above in a prior decision denying Plaintiffs' motion for leave to file a second amended complaint [*supra* p.1 n.1], prohibited Plaintiffs from asserting claims arising from the Second Fire at Plaintiffs' AIMI facility on December 8, 2012.  The Court expanded upon this ruling in a decision resolving summary judgment motions and stated that "only damages from the First Fire in April 2012 remain at issue in this case, and damages stemming from the Second Fire may not be claimed."  [ECF No. 449 pp. 32-33.]

However, neither of those rulings, nor any other Court order bars exhibits dated after the First Fire nor does it make sense that evidence that post-dates the First Fire and even post-dates the Second Fire (or falls in between) has no evidentiary value independent of the barred claim for damages from the Second Fire.  What Eriez seeks essentially is an Order precluding evidence that proceeds the First Fire because the evidence is not relevant under FRE 401.  This is an expansive view of relevancy that does not align with FRE 401.  *See* Fed. R. Evid. 401 (a)-(b) (evidence if relevant if it has any tendency to make a fact more or less

probably that it would be without the evidence and the fact is of consequence in determining the action); Notes of Advisory Committee on Fed. R. Evid. 401 ("The standard of probability under the rule is more * * * probable than it would be without the evidence.") (internal quotations omitted).

Eriez also argues that these exhibits are not relevant because they "involve issues at other facilities that experienced different issues due to a layout that differed from AIMI, and they concern the ferrous system-not the non-ferrous system at issue in the instant matter." [ECF No. 559 p. 34.] Plaintiffs counter that "PTX-096 can be proffered as circumstantial records of the System not working as promised by Eriez" and that this exhibit "can be proffered as circumstantial proof of the existence of the product defect and is thus relevant." [ECF No. 570 p. 25.] Plaintiffs also argue that PTX-104 "is a July 2012 document that shows that just months after the April 2012 fire the system was not running as promised by Defendants in July 2012." [*Id.* pp. 25-26.] The undersigned agrees with Plaintiffs that those two exhibits are sufficiently relevant based on the reasons Plaintiffs outlined. In addition, with respect to Eriez challenging the relevancy of PTX-098, an email

concerning a scrapyard not owned by Plaintiffs that incurred design issues dissimilar to Plaintiffs, the scrapyard is a similar business to AIMI. Indeed, a low bar is required to meet relevancy and at this stage of the case evidence should be permitted "unless it is clearly inadmissible on all potential grounds." *See* Fed. R. Evid 401; *Leonard*, 981 F. Supp. 2d at 276.

In sum, and as highlighted by the last minute submissions noted above, both sides are right and both sides are wrong on this issue.[3] It is the considered opinion of the Special Master that both sides hyperfocus on the date of a particular exhibit or the time frame of the subject of any proffered testimony. Such arguments miss the forest for the trees. The question in each instance should not be when someone said something or

---

[3] The analysis of PTX-096 also applies to PTX-082, an exhibit raised by Plaintiffs in their supplemental letter and introduced during the trial deposition of Merz on March 12, 2026. [See ECF Nos. 584, 885.] To the extent Eriez argues that the "larger goal of Plaintiffs' [supplemental] submission [at ECF No. 584] is to blanketly bar Steven Merz's (the designated corporate designee of Cooper) trial testimony taken on March 12, 2026 during Eriez's cross-examination which concerned his conversations with Plaintiff, Joe Silipena[,]" the undersigned does not share that concern. In any event, and for the avoidance of doubt, the Special Master is of the view as discussed more fully below that Eriez may use any evidence, including any statement of a party-opponent regardless of the date the statement was made, which fairly supports a defense that remains in the case.

when a document was created but rather whether that evidence has a nexus to a claim or defense still in the case.  This principle works both ways.  By way of hypothetical illustration and not limitation, if a statement by a plaintiff around the date of the Second Fire may assist the jury in determining the validity of a defense that any losses suffered by the Plaintiffs, if any, arose from events other than the First Fire, that testimony should be admissible even if it post-dates the First Fire.  On the other hand, if an expert for Plaintiff can fairly opine that consequential damages flow from the First Fire even if they did not manifest themselves until even after the Second Fire, subject of course to cross-examination, that testimony should be admissible.[4]

As for Eriez's hearsay objections, the undersigned agrees with Plaintiffs that the proffered objection does not clearly bar their admission for the truth of the matter asserted therein.  All of the records objected to are either business records of one or more parties or their agents or

---

[4] The Special Master hastens to add that other than the exhibits discussed herein and in the motion *in limine* the best the undersigned can do to address this complex and exhibit-by-exhibit issue is to recommend the guidance set forth above with the expectation that counsel for both sides will strictly abide by that guidance if adopted by the trial judge.  If either party believes at trial that the other party has crossed this line, they may interpose an objection at that time.

are admissible as party admissions or both. As for authenticity, the one objection to Merz's handwritten note (PTX-096) would appear to be cured by Merz's promised appearance at trial. The undersigned recommends that the motions *in limine* Nos. 10 and 11 be denied subject to the guidance set forth above.

### F. PLAINTIFFS' MOTION *IN LIMINE* NO. 1

Plaintiffs seek to preclude Eriez from pursuing the following affirmative defenses that were not pled: (1) the doctrine of avoidable consequences; (2) economic loss doctrine; (3) the new business rule; (4) the collateral source rule; (5) statute of limitations; and (6) UCC defenses. [ECF No. 558-1 p. 10.] Plaintiffs further argue that because those defenses were not pled, under Federal Rule of Civil Procedure ("FRCP") 8(c), Eriez waived those defenses. [*Id.* p. 12.] Eriez counters that affirmative defenses 1-4, and 6 are not affirmative defenses under FRCP 8, and with respect to defense 5, an enumerated defense under this rule, it can be brought at any time. [ECF No. 569 pp. 8-9.] As to defenses 1-4 and 6, the undersigned agrees with Eriez.

To determine whether a defense not indicated under FRCP 8 otherwise falls under its purview, courts look at what FRCP 8(c) intends

15

to avoid, which is "[t]he purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Sterten v. Option One Mort. Corp.*, 546 F.3d 278, 285 (3d Cir. 2008) (alteration in original).

With respect to defenses 1-4 and 6, Eriez is correct that those defenses are not waived by strict application of FRCP 8(c) as they are not on the list of enumerated defenses that must be in a responsive pleading. Moreover, any broader application of FRCP 8 to bar these defenses is unwarranted here as Plaintiffs were provided with sufficient notice. For several months, Plaintiffs knew that Eriez intended on asserting these defenses. On August 15, 2025, the parties submitted a Joint Final Pretrial Order ("JFPTO) at ECF No. 471, where Plaintiffs became aware of these defenses. The purpose of FRCP 8(c) was fulfilled by the JFPTO.

Concerning defense 5, statute of limitation, this defense was not pled and is one of the enumerated affirmative defenses under FRCP 8(c). Applying the language of FRCP 8(c) strictly, some circuit courts of appeal bar statute of limitation defenses not asserted in an answer. The Third

16

Circuit, however, applies a more liberal standard and has held that "a limitations defense does not necessarily have to be raised in the answer . . ." despite the text of the FRCP. *Robinson v. Johnson*, 313 F.3d 128, 135-36 (3d Cir. 2002). The standard is not limitless as "it does not follow that a limitations defense can be raised at any time." *Id*. "Consistent with the purpose of Rule 8(c), courts require that defendants assert a limitations defense as early as possible." *Id*.

Here, Eriez attempts to include a statute a limitation defense for the first time during a pre-trial motion, which, of course, is irreconcilable with the requirement that defenses be raised as early as possible. *See id*; *cf. Chainey v. Street*, 523 F. 3d 200, 209 (3d Cir. 2008) ("A statute of limitations defense, raised for the first time in a post-trial motion, is generally waived."). The late assertion of this defense followed years of discovery and motion practice in which many other defenses were raised and litigated. Accordingly, it is recommended that Eriez be prohibited from raising a statute of limitation affirmative defense at trial as untimely, prejudicial, and therefore waived.

17

## G. PLAINTIFFS' MOTION *IN LIMINE* NO. 2

Plaintiffs seek to preclude evidence of insurance and/or other collateral source payments.  [ECF No. 558-1 p. 13.]  For the following reasons, the Special Master recommends that this motion be granted, in part.  Judge Rodriguez, in a prior Opinion, stated that "[o]n this issue, any application of a set-off pursuant to the [] Collateral Source statute is intended to be applied post-verdict.[]"  [ECF No. 449 p. 32.]  This ruling represents law of the case.  Notwithstanding, the undersigned notes that only that evidence offered to prove a set off should be precluded.  Evidence that does not fall under the Collateral Source statute does not fall under the scope of this recommendation.  In that regard, evidence offered for another purpose and otherwise admissible under the rules of evidence should not be barred (such as those that go to credibility, are prior inconsistent statements, or challenge the foundation of an expert's opinion).  In particular, some of the documents Plaintiffs seek to preclude appear to be directly relevant to their warranty claim.  To the extent such documents go to the issue of the cause of any delay in repairs, they should be admissible.  In sum, exhibits offered for a purpose other than set off are not contrary to the law of the case.

The undersigned recognizes that the mere mention of insurance may confuse the jury and present some risk of unfair prejudice.  Fed. R. Evid. 403.  The undersigned recommends that, if requested by the Plaintiffs, Defendants should be directed to present such evidence in a manner that deemphasizes the relationship to insurance.  If requested, the Court should also consider a contemporaneous limiting instruction that the jury not consider the possibility or availability of insurance in assessing Plaintiffs' claims or in the calculation of damages awarded, if any, to negate any possible confusion or prejudice.

### H. PLAINTIFFS' MOTION *IN LIMINE* NO. 3

As to motion *in limine* 3, the exhibits in question are pleadings in separate cases involving Plaintiff AIMI.  Plaintiffs argue that the pleadings as presented in the JFPTO violate FRCP 26 because the exhibit does not separately identify each document in the exhibit.  [ECF No. 558-1 pp. 16-17.]  In Eriez's exhibit list, Eriez describes exhibit 009 as "[a]ny and all pleadings in connection with the" two separate cases.  [ECF No. 471-2 p. 3.]  The Special Master notes that under FRCP 26, exhibits produced pretrial must identify "each document or other exhibit, including summaries of other evidence–separately identifying those

19

items the party expects to offer and those it may offer if the need arises." Fed.R.Civ.P. 26(a)(3)(A)(iii).

Eriez's expansive description of exhibit 009 does not align with the requirements set forth under FRCP 26. Accordingly, the Special Master recommends that this motion be granted at least as to this aspect subject to review by the Magistrate Judge overseeing the preparation of the JFPTO. Eriez has one last opportunity to properly identify this exhibit in the final JFPTO due by March 23, 2026 before Magistrate Judge Ann Marie Donio and may cure this defect if it does so to her satisfaction.

As for the argument that pleadings in prior related cases are not admissible because they are "allegations, not proof" the undersigned is not convinced that such pleadings are barred per se. Eriez correctly points out that Judge Donio has already held the other proceedings to be closely related and they obviously arise from the same incident and operative facts. To the extent the exhibits are formal pleadings (as opposed to briefs and attorney arguments) and are offered against the same party on whose behalf they were filed they can be fairly characterized as authenticated as a public document and admissible as a

party admission.    The undersigned therefore recommends that this aspect of motion *in limine* No. 3 be denied.

## I.  PLAINTIFFS' MOTION *IN LIMINE* NO. 4

With respect to this motion, the undersigned recommends that this motion be denied in part, for the reasons stated below.  Plaintiffs seek to limit questioning of their expert Brophy solely to damages.  [ECF No. 558-1 p. 19.]  More specifically, Plaintiffs seek to bar questions concerning liability and causation.    They  also  seek  to  bar  Eriez  from "mischaracterizing the scope of Mr. Brophy's analyses and opinions." This latter argument is easily addressed as the Special Master will not assume that Eriez's counsel will exceed proper professional bounds.  The first issue requires a more nuanced analysis.  It is true, as Plaintiffs contend, that Brophy does not opine on causation or liability and may properly make unchallenged assumptions on those issues.  It does not follow, however, that Eriez may not challenge the facts and data the expert relied upon in formulating his damages calculation or whether he applied his stated methodology correctly.

In this particular case, it would not violate the law of the case or turn Brophy into a causation or liability expert to question whether he

failed to properly apportion "collapse damages" between the First and Second Fires. After all, it is also the law of the case that Plaintiffs may only recover damages the jury determines were fairly caused by the First Fire. In sum, the manner in which Brophy made his findings and the information he relied upon or assumed falls properly within the scope of cross-examination. So too should Eriez be able to cross-examine Brophy on any issue that has a nexus to Eriez's ultimate damages opinion and that are within the scope of his direct testimony. So, as long as the questions are framed in the aforementioned manner, that should be permissible.

### J. PLAINTIFFS' MOTION *IN LIMINE* NO. 5

For the reasons stated next, the core issue in this motion is not in dispute and should be granted as unopposed. Concerning motion *in limine* 5, Plaintiffs request that affidavits and certifications sworn to by Eriez's trial witnesses as independently admissible evidence be precluded. [ECF No. 558-1 p. 22.] Eriez responded that on February 2, 2026, it served trial designations indicating that the witnesses in question will provide testimony at trial. [*See* ECF No. 569 p. 17.]

Accordingly, the affidavits and certifications are not needed and are properly excluded.

## K. PLAINTIFFS' MOTION *IN LIMINE* NOS. 6, 7

In motion *in limine* 7, Plaintiffs seek to preclude defendants from introducing expert reports as individually admissible evidence. [ECF No. 558-1 p. 27.] To the extent the expert reports are offered for the truth of the matter asserted, the reports are inadmissible hearsay, and the Special Master recommends that this motion be granted. *See* Fed. R. Evid. 801. In the event that the reports are offered for another purpose at trial before the District Judge, Eriez has the right to assert how these reports are within the scope of one of the hearsay exceptions.

Similarly, motion *in limine* 6 seeks to preclude the admission of deposition transcripts. Deposition transcripts offered for the truth are hearsay. *See id.* To the extent Eriez attempts to use those transcripts for impeachment purposes, such as to impeach a witness based on a prior inconsistent statement, that is permissible. *See* Fed. R. Evid. 613. However, Eriez must first lay a foundation at trial by eliciting testimony on cross-examination that is arguably inconsistent with the deposition testimony. Fed. R. Evid. 801(d)(1)(A). If Eriez establishes that

foundation at trial, the undersigned recommends that it may move at that time to admit the prior inconsistent statement. Unless and until that occurs, the deposition transcripts are inadmissible hearsay.

## L. PLAINTIFFS' MOTION *IN LIMINE* NO. 8

As to motion *in limine* 8, Plaintiffs seek to preclude Eriez from entering exhibits that are not on the exhibit list, pursuant to a catch all exhibit reservation in the JFPTO. [ECF No. 558-1 p. 30.] Defendants clarified that the present JFPTO will be revised and that the exhibits Eriez intends to rely upon "will be individually listed in the revised JFPTO and branded accordingly." [ECF No. 569 p. 23.] The Special Master defers to Magistrate Judge Donio on the specificities of the final exhibit list. The Special Master recommends that this motion be denied without prejudice.

## M. PLAINTIFFS' MOTION *IN LIMINE* NO. 9

With respect to motion *in limine* 9, Plaintiffs, essentially, seek an Order prohibiting Eriez from misrepresenting facts and prior court Orders in this case to the jury during Eriez's opening statements. [ECF No. 558-1 p. 32-33.] The undersigned takes Eriez at their word that they will conform its opening statements with prior Court Orders. [*See* ECF

24

No. 569 p. 25.]   In this regard, the Court previously denied a blanket rule that the "New Business Rule" bars Plaintiffs' claims for loss damages leaving to Plaintiffs to prove such damages with the requisite certainty. [ECF No. 449 pp 33-38].  Whether they do so is for the jury.

Similarly, nothing in the record establishes that Plaintiffs stipulated that Eriez had no role in the design of the System even if they stipulated that other Defendants "designed the System."  Plaintiffs have consistently contended that the proofs at trial will establish that Eriez had a role in the design and was not merely a supplier of a component part.  Plaintiffs should be able to make that argument to the jury.  But it is equally clear that nothing in the record precludes Eriez's equally well-preserved defense that the opposite is true.  If Plaintiffs believe that Eriez crosses either of these two lines in its opening statement or otherwise at trial it may renew its motion at that time.  On the present record, the undersigned recommends this motion be denied without prejudice.

### N.  PLAINTIFFS' MOTION *IN LIMINE* NO. 10

Concerning this motion, the resolution of it is clear.  Plaintiffs move to preclude Eriez's expert James Gallagher from asserting that none of

25

the original defendants in the case are liable to Plaintiffs in this case. [ECF No. 558-1 p. 35.] Judgment was entered against defendants American Pulverizer Co. and Hustler in this case. [ECF No. 555.] Eriez appears to concede that it will not present evidence, including testimony from Gallagher, that the other defendants are not liable. [ECF No. 569 p. 28 (Eriez does not intend to elicit or offer evidence to establish that APCO and Hustler are not liable)]. However, Eriez is correct that nothing in the APCO/Hustler judgment bars it from asserting its own lack of liability. The undersigned believes the balance struck by Eriez in its response to Plaintiffs' motion *in limine* No. 10 is the correct one. Gallagher, and any other witness for that matter, may testify to Eriez's lack of culpability and otherwise offer proofs in support of those defenses. However, because any testimony concerning the lack of liability *as to all the defendants* contradicts the aforementioned judgment, and thus the law of the case doctrine, the undersigned recommends that this aspect of the motion be granted. *See College Sav. Bank*, 948 F. Supp at 408.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that to the District Court that Eriez's omnibus motion *in*

26

*limine* be granted in part, and denied in part, and Plaintiffs' omnibus motion *in limine* also be granted in part, and denied in part as set forth above.


Date: March 20, 2026

/s/ Noel L. Hillman
Noel L. Hillman, Special Master